# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 17, 2013

## SHANNON RALEY, INDIVIDUALLY AND AS NEXT OF KIN OF TIFFANY RALEY, DECEASED v. CITY OF KNOXVILLE

**Appeal from the Circuit Court for Knox County**
**No. 1-203-12     Dale Workman, Judge**

---

**No. E2013-01063-COA-R3-CV-FILED-OCTOBER 31, 2013**

---

This action presents the question of whether a claim properly may be brought against the City of Knoxville ("the City") pursuant to the Governmental Tort Liability Act ("GTLA") under circumstances where a tree located on the real property of a private landowner fell and caused the death of a motorist traveling on a city street. The trial court dismissed the claim, finding that the City maintained immunity pursuant to the GTLA and the public duty doctrine. Plaintiff appeals. We affirm the trial court's dismissal of the claim.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and JOHN W. MCCLARTY, J., joined.

James K. Scott, Knoxville, Tennessee, for the appellant, Shannon Raley.

Ronald E. Mills, Deputy Law Director, Knoxville, Tennessee, for the appellee, City of Knoxville.

## OPINION

### I. Factual and Procedural Background

Plaintiff, Shannon Raley, filed the case at bar as husband and next of kin of Tiffany Raley ("Decedent"), who died when a tree fell on her vehicle as she was traveling on a city street in South Knoxville. The tree was located on the property of Brett and Barbara Johnson. Mr. Raley alleged that the tree exhibited a large crack in its trunk and was "leaning heavily towards" the public road. A claim initially was filed against the Johnsons, and the

City of Knoxville was later added as a defendant through the filing of an amended complaint. By means of a subsequently filed second amended complaint, it was alleged that the City was liable pursuant to the GTLA, codified at Tennessee Code Annotated §29-20-101 *et seq*., because the City street was unsafe due to the dangerous tree and also because a City employee or agent had inspected the tree and did not have it removed. Mr. Raley alleged that the City had received numerous neighborhood complaints regarding the dangerous condition of the tree. Mr. Raley further averred that the City had adopted policies in an Urban Forest Management Plan ("Plan") requiring immediate removal of this tree. The second amended complaint contained allegations that the Plan undertook to protect individuals from trees that "may be close to or have the dangerous propensity to endanger individuals on public roadways controlled by the City by removing them from private property." Mr. Raley further alleged that "as a result of the negligent and reckless inactions of the agents/employees and the City," the tree fell, causing the death of Ms. Raley.

The City filed a motion to dismiss, asserting that (1) there was no allegation in the complaint that any property of the City was in a dangerous or defective condition because the tree was located on the real property of the Johnsons and (2) the complaint did not allege the negligence of an employee of the City and the existence of a duty owed by the City. The City asserted that Mr. Raley merely alleged that the tree was "near the public road" and that Mr. Raley's claim admitted the tree was located on private property. The City claimed immunity from suit pursuant to the GTLA and the public duty doctrine.

The trial court granted the motion to dismiss, finding the City immune pursuant to both the GTLA and the public duty doctrine. Mr. Raley timely appealed.

## II. Issues Presented

Mr. Raley presents the following issues for our review, which we have restated as follows:

1.      Whether the trial court improperly granted the City's motion to dismiss, pursuant to Tennessee Rule of Civil Procedure 12.02(6), by ruling that the City cannot be liable based on the Tennessee Governmental Tort Liability Act.

2.      Whether the trial court improperly granted the City's motion to dismiss, pursuant to Tennessee Rule of Civil Procedure 12.02(6), by ruling that Mr. Raley's claim was subject to the public duty doctrine and that no special relationship or duty exception applied.

### III. Standard of Review

As our Supreme Court has elucidated:

A Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. A defendant who files a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'"

In considering a motion to dismiss, courts "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." We review the trial court's legal conclusions regarding the adequacy of the complaint de novo.

*Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 425-427 (Tenn. 2011) (internal citations omitted).

### IV. Governmental Tort Liability Act

The GTLA was enacted to "codify the general common law rule that 'all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities.'" *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 79 (Tenn. 2001)(quoting Tenn. Code Ann. §29-20-201(a) (2012)). As our Supreme Court has stated, passage of the GTLA constituted "an act of grace through which the legislature provided general immunity to governmental entities from tort liability but removed it in certain limited and specified instances." *Kirby v. Macon*, 892 S.W.2d 403, 406 (Tenn. 1994). When immunity is removed, "any claim for damages must be brought in strict compliance with the terms" of the Act. Tenn. Code Ann. §29-20-201(c).

As relevant hereto, pursuant to Tennessee Code Annotated §29-20-203(a) (2012), "[i]mmunity from suit of a governmental entity is removed for any injury caused by a defective, unsafe, or dangerous condition of any street, alley, sidewalk or highway, owned and controlled by such governmental entity." Tennessee Code Annotated §29-20-203(b) provides that said section "shall not apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved . . . ." A subsequent section of

the GTLA removes immunity for "injury proximately caused by a negligent act or omission of any employee within the scope of his employment . . . ." Tenn. Code Ann. §29-20-205 (2012). This section includes numerous exceptions, for example, when the employee is exercising or fails to exercise a discretionary function, or when the employee makes an inadequate or negligent inspection of property. Tenn. Code Ann. §29-20-205(1), (4).

Mr. Raley asserts that the City should be held liable, pursuant to Tennessee Code Annotated §29-20-203(a), because a large tree with a crack in its trunk leaning toward the street created an unsafe roadway condition. The trial court ruled that there could be no liability, however, because "the tree at issue was not owned by the City of Knoxville, nor was it located on property owned by, under the control of or subject to a right-of-way in favor of the City." We agree.

As stated above, "[i]mmunity from suit . . . is removed for any injury caused by a defective, unsafe, or dangerous condition of any street . . . owned and controlled by such governmental entity." Tennessee Code Annotated §29-20-203(a). The only allegation of danger or a safety concern in this case is that there was a tree growing on private property and leaning toward the street. The tree was not alleged to exist on property owned or controlled by the City. While this Court has recognized that a duty on the part of a governmental entity to maintain its roadways may be "likely extended to maintaining obstructions located above the roadway" in *Graham v. Bradley County*, No. E2012-02369-COA-R3-CV, 2013 WL 5234240 at *7(Tenn. Ct. App. Sept. 17, 2013), there has been no allegation in the case at bar that this tree constituted an obstruction located above the roadway.

In *Graham*, the plaintiffs were injured when a tree growing on private property fell on their car while they were driving on a county road. *Id.* The plaintiffs filed suit against the county, alleging liability under both Tennessee Code Annotated §29-20-203(a) for the unsafe condition of a street and Tennessee Code Annotated §29-20-205 for the negligence of a county employee in failing to maintain the roadway. *Id.* This Court ruled that there was no negligence on the part of a county employee as would impose liability pursuant to Tennessee Code Annotated §29-20-205. *Id.* This Court also determined that, with regard to the allegation of the unsafe condition of a street, immunity was not removed because there was no actual or constructive notice to the county pursuant to Tennessee Code Annotated §29-20-203(b) of the unsafe condition. *Id*.

In this case, the subject tree was described as exhibiting a large crack in its trunk and leaning heavily toward the street. The tree was not, however, alleged to create an obstruction above or overhanging the roadway. The tree was growing on private property. Mr. Raley did not allege that this tree was located on property belonging to the City or even property

-4-

in which the City had an easement or any other right. *See, e.g., Howell v. City of Lenoir City*, No. 03A01-9704-CH-00127, 1997 WL 412124 at \*3 (Tenn. Ct. App. July 24, 1997). Taking the allegations of Mr. Raley's pleadings as true, we conclude that he has failed to allege sufficient facts to show that the City had a duty to maintain or manage this tree belonging to a private landowner.

As this Court has previously explained, claims brought pursuant to Tennessee Code Annotated §29-20-203(a) have three essential elements: (1) the City owns or controls the location or instrumentality alleged to have caused the injury; (2) the location or instrumentality is defective, unsafe, or dangerous; and (3) the City has constructive or actual notice of the condition. *Graham*, 2013 WL 5234240 at \*7. In the case at bar, there was no allegation that the City owned or controlled the instrumentality alleged to have caused the injury, which would be the subject tree. Therefore, the trial court properly dismissed Mr. Raley's claim pursuant to Tennessee Code Annotated §29-20-203(a).

Mr. Raley also asserted a claim pursuant to Tennessee Code Annotated §29-20-205 by alleging the negligence of certain City employees. According to the second amended complaint, City employees were negligent by either failing to respond to complaints about the dangerous tree or for inspecting the tree and then failing to take action to have it removed, as it was allegedly an obvious risk to those utilizing the roadway below. We determine, however, that where the City has no ownership of the tree and there is no allegation that it was actually obstructing the roadway, the City would have no right or duty to remove it.

Mr. Raley argues that the City had a duty to remove the tree because the City was aware of its condition, either through neighborhood complaints or an inspection performed by a City employee. The fact that the City had notice that the tree was leaning toward the roadway, however, does not give the City the right or a duty to remove it from the private land of a citizen. As stated in *Graham*, we decline to impose upon the City a duty to manage every tree that "leans toward" the roadway because to do so would place an insurmountable burden on the City. *Graham*, 2013 WL 5234240 at \*7. Tennessee Code Annotated §29-20-203(a) states that immunity from suit is removed for the "defective, unsafe, or dangerous condition of any street . . . owned and controlled by" the City, but the statute does not extend to property near the street which is not owned or controlled by the City.

Mr. Raley also contends that the City's adoption of its Plan somehow created a duty on the part of the City to manage this tree on private property. Mr. Raley's second amended complaint alleges, in pertinent part:

Due to the Governmental Inspection by an employee/arborist/agent conducted

by the City of Knoxville of an extremely dangerous tree located on or about the residen[ce] of the former Co-Defendants, the City knew or should have known that the dangerous condition of the tree was such that it <u>should have been cut down immediately pursuant to special nondiscretionary duties the City undertook by exercising control under its nondiscretionary Urban Forest Management Plan.</u> Further, this Urban Forest Management Plan was based upon and created a duty/responsibility to protect the general individual citizens of Knoxville, including the individual Decedent Tiffany Raley, regarding hazardous conditions such as dangerous trees that may pose a danger to neighborhoods or nearby city roadways.

Such Plan undertook this special nondiscretionary duty to take control and protect individuals from dangerous defective conditions (trees) that may be close to or have the dangerous propensity to endanger individuals on public roadways controlled by the City by removing them from private property. Thus, by having notice and under its nondiscretionary Policy, the defective tree was controlled by the City of Knoxville.

(Emphasis in original.)

The City argues that Mr. Raley's allegation that the adoption of an Urban Forest Management Plan created a duty on the part of the City to remove this tree is actually a legal conclusion, which this Court does not have to accept as true. We agree. Whether a duty exists is a question of law and not a question of fact. *See Turner v. Jordan*, 957 S.W.2d 815, 818 (Tenn. 1997). In ruling on a motion to dismiss, "courts are not required to accept as true assertions that are merely legal arguments or 'legal conclusions' couched as facts." *Webb*, 346 S.W.3d at 427 (quoting *Riggs v. Burson*, 941 S.W.2d 44, 47–48 (Tenn.1997)). We conclude that the trial court properly found that the City was immune from suit pursuant to the GTLA.

### V. Public Duty Doctrine

The public duty doctrine is an independent basis for governmental immunity that is separate from the GTLA. *See Chase v. City of Memphis*, 971 S.W.2d 380, 385 (Tenn. 1998). Our Supreme Court has previously explained that where both bases for immunity are asserted, the court should first look to the GTLA. *Id.* Should immunity be found to exist under the GTLA, there is no need to address immunity pursuant to the public duty doctrine. *Id.* Having found that immunity exists in this case pursuant to the GTLA, the issue of immunity pursuant to the public duty doctrine is pretermitted.

## VI. Conclusion

The trial court's order dismissing Mr. Raley's claims against the City is affirmed. Costs on appeal are assessed to the Appellant, Shannon Raley. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE